Sharonrose Cannistraci, (#121827)
CANNISTRACI LAW FIRM
99 Almaden Blvd., Suite 925
San Jose, CA 95113
Phone: 408.297.5400
Fax: 408.297.5407

Attorney for Plaintiff
ALISON MANAFI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ALISON MANAFI;

    Plaintiffs,

vs.

APPLIED MATERIALS, INC., JASON STOCKWELL, TAOS MOUNTAIN, INC., and DOES 1-100;

    Defendants.

Case No. C08 01419 RMW PVT

COMPLAINT

## JURISDICTION & VENUE

1. This action is brought in the United States District Court, under Title VII of the Civil Rights Act of 1964, *42 U.S.C. §§ 2000e-2000e-17* to recover damages against Defendants and each of them for violation of Plaintiffs' rights. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1343. The court also has concurrent jurisdiction over the state claims herein.

2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

3. Plaintiff Alison Manafi is and at all times mentioned in this complaint was a citizen of the United States residing within the County of Santa Clara, State of California. At the time of the allegations in this complaint, Plaintiff was a young female woman who enjoyed co-employment

Plaintiff's Complaint for Damages     1

1  with Defendants Applied Materials, Inc. and Taos Mountain, Inc. under staffing agreement between

2  these Defendants to which she was a third party beneficiary and pursuant to which she worked at

3  Applied Materials, Inc.'s place of business and was directly supervised by Applied Materials, Inc.'s

4  agents and employees.

5      4.    Defendant Applied Materials, Inc. ("Applied Materials") is and was at all times

6  mentioned in this complaint a Delaware corporation whose main business office is located in the

7  County of Santa Clara, State of California, organized and existing under the laws of the State of

8  Delaware, with the capacity to sue and to be sued. Applied Materials creates and commercializes

9  the nanomanufacturing technology that helps produce semiconductor chips and flat panel displays.

10  Defendant Applied Materials was at all times mentioned the co-employer of Plaintiff by virtue of

11  controlling, directing and supervising her work, work place and the other employees therein, as well

12  as the sole employer of Defendant Jason Stockwell, and is and was responsible and vicariously

13  liable for the wrongful acts and omissions of itself and its employees, directors, managers, and

14  supervisors committed within the course and scope of employment and agency as alleged herein.

15      5.    Defendant Jason Stockwell ("Stockwell") was at all times mentioned in this

16  complaint, a male employee, director, supervisor, and/or manager at Applied Materials, Inc., and

17  who at the inception of Plaintiff's direct employment and internship with Applied Materials, Inc.,

18  was the direct supervisor of Plaintiff, which supervision continued for a period of time while she

19  was co-employed at Defendant Applied Materials, Inc. and Defendant Taos, Inc.; Defendant

20  Stockwell commenced a personal relationship with Plaintiff and at the time of the allegations in the

21  complaint, was the fiancé of Plaintiff (and then former fiancé of Plaintiff), and who is being sued

22  both in his capacity as an employee, agent and director of Applied Materials, Inc., and in his own

23  capacity as an individual.

24      6.    Defendant Taos Mountain, Inc. ("Taos") is, and was at all times mentioned in this

25  complaint a California corporation whose main business office is located in the County of Santa

Plaintiff's Complaint for Damages     2

1   Clara, State of California, organized and existing under the laws of the State of California, with the

2   capacity to sue and to be sued. Defendant Taos is a professional IT consulting services company

3   who provided Applied Materials with skilled workers, including Plaintiff, and was during some of

4   the relevant period the co-employer of Plaintiff; pursuant to Taos' contract with Applied Materials

5   Inc., Applied Materials paid Taos and Taos paid Plaintiff for work Plaintiff performed for, and at

6   the work place of, Applied Materials under both companies' joint direction, supervision and control.

7       7.    At all times herein mentioned each of the Defendants sued herein as DOES 1

8   through 20 were managers, supervisors, and employees of Applied Materials who are in some

9   capacity responsible for the damages to Plaintiff alleged herein.

10      8.    At all times herein mentioned each of the Defendants sued herein as DOES 21

11  through 40 were managers, supervisors, and employees of Taos who are in some capacity

12  responsible for the damages to Plaintiff alleged herein.

13      9.    DOES 1 through 100 are responsible in some unknown manner for Plaintiff's

14  injuries and damages alleged herein, including unknown individuals, entities, agencies, officers,

15  hiring supervising directors and supervisors responsible, for among other things, negligently hiring,

16  training, supervising, briefing, directing, ordering, enabling, controlling, causing, condoning,

17  disciplining, participating in or failing to report or prevent the wrongful acts of the other Defendants

18  or protect Plaintiff from injury and violation of her (when they had a duty to do so), or otherwise

19  responsible for other wrongful acts and omissions of themselves and/or other Defendants sued

20  herein, and/or who engaged in a conspiracy with other Defendants to wrongfully terminate Plaintiff

21  or cover-up the wrongful acts of Defendants, while acting in their individual capacity, and/or their

22  agency capacity within the purpose and scope of such agency or employment, and who are

23  otherwise responsible for other wrongful acts and omissions as yet unknown, and which conduct

24  was the proximate or legal cause of Plaintiffs' injuries and/or damages alleged herein.

25  ///

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

## GENERAL ALLEGATIONS

Plaintiff is informed and believes and alleges as follows:

10. Initially, Plaintiff was employed directly by Applied Materials as an intern. Her direct supervisor was Defendant Stockwell.

11. During the time Plaintiff was supervised by Defendant Stockwell, they developed a social and personal relationship, which lasted for over three years.

12. Before her internship ended, Jason Stockwell directed her to enter into employment with Defendant Taos in order to continue working for Defendant Applied Materials after her internship was over.

13. At all times during their relationship, Plaintiff was either an intern of Applied Materials working directly for Applied Materials or co-employed by Applied Materials and Taos, and Stockwell was a director or managing employee of Applied Materials as well as her direct supervisor during her internship at Applied Materials.

14. During the course of their personal relationship, Defendant Stockwell controlled, intimidated and emotionally and physically abused Plaintiff and engaged in a course of conduct of aggression, harassment, hostility and intimidation, particularly when he was intoxicated; Plaintiff repeatedly urged him to stop drinking but her concerns were met with more abuse. Invariably he would apologize and promise to stop drinking. Plaintiff experienced symptoms typical of battered women.

15. From time to time, to control her and keep her from reporting the abuse or leaving him, Stockwell threatened Plaintiff that he would have her fired from Applied Materials any time he wanted to do so and used his position at Applied Materials to harass, intimidate and control her in their personal relationship. Plaintiff lived in fear for her life and job. Invariably, Stockwell would apologize for his abuse and make promises to Plaintiff that he would stop drinking, which apologies and promises are typical of domestic batterers.

16. Other acts of sexual discrimination and harassment include Defendant Stockwell taking Plaintiff along with male co-workers at Applied Materials to establishments that featured nude or semi-nude female dancers. These establishments made Plaintiff highly uncomfortable in the presence of her co-workers.

17. In or about October 2006, Plaintiff and Stockwell became engaged to be married. The abuse continued. For example, in December 2006, while intoxicated Stockwell further abused Plaintiff, yelling and choking her in anger while they were alone in bed. In February 2007, Stockwell became upset with Plaintiff and threatened and intimidated her with a knife, which he kept with him in their bed; Defendant Stockwell threatened he was going to kill her and cut her into pieces so no one could find her. Many of these incidents occurred when Stockwell was drunk, which was increasingly often during the course of their personal relationship.

18. In or about February 2006, Stockwell suggested that Plaintiff should submit her resume for a full-time permanent position in which she would become liaison for another company at Applied Materials. Plaintiff submitted her resume for this position but did not receive a response right away.

19. On Friday March 09, 2007, at Santana Row in San Jose, Stockwell struck Plaintiff inside a restaurant. An argument ensued, and Plaintiff and Stockwell left the table and went into the parking lot where Stockwell yelled at her and hit her. Witnesses tried to intervene and started to call the police. To avoid arrest, Stockwell left the scene. Later than night Stockwell was angry about what had happened at Santana Row and an argument ensued.

20. On Saturday March 10, 2007, Plaintiff realized that Stockwell's violence towards her was escalating and that she could not save the relationship and called off their engagement.

21. On Sunday, Plaintiff requested that Stockwell allow her to come and retrieve her personal possessions from his house, but Stockwell said he did not want her on his property.

22. On Monday, March 12, 2007, Plaintiff went to work at Applied Materials and during

Plaintiff's Complaint for Damages    5

the course of the work day stopped by Defendant Stockwell's office to collect her personal belongings from Defendant Stockwell. Unbeknownst to Plaintiff, Defendant Stockwell secretly went to her supervisor (who Stockwell had also once supervised), and unknown others, and falsely accused Plaintiff of a crime of theft to get her fired in retaliation for termination of their personal relationship.

23. At that time, Plaintiff had consistently received favorable job evaluations for her work at Applied Materials.

24. Defendant Applied Materials had actual and constructive knowledge of Defendant Jason Stockwell's close personal relationship with Plaintiff and knew he was in a position to use his capacity as a director of Applied Materials to take retaliatory adverse employment action against her if she discontinued the relationship. Yet, without notice or opportunity to be heard, Applied Materials that same day terminated Plaintiff's co-employment and locked her out of the work place.

25. That evening after work Plaintiff learned of the termination from her brother after Stockwell contacted and informed him that Defendant had gotten Plaintiff fired for allegedly stealing his cell phone. Plaintiff returned to her place of work at Applied Materials and found that her key-card no longer worked and she was denied entrance to her work place.

26. Plaintiff contacted Human Resources at Applied Materials and they refused to speak with her about the termination. Plaintiff contacted Human Resources manager at Taos and was told Applied Materials had decided her services were no longer wanted. Plaintiff was afforded no explanation from either company as to why Applied Materials had abruptly terminated her employment the day after she ended her personal relationship with Defendant Stockwell. No legitimate business reason existed for her wrongful retaliatory termination from Applied Materials.

27. After Plaintiff was locked out of the work place, Applied Materials further discriminated against and harmed Plaintiff by instructing employees who knew her not to communicate with her.

Plaintiff's Complaint for Damages     6

28. After Plaintiff was terminated, Stockwell exhibited a pattern of making false reports against Plaintiff, accusing her of the theft of his boat that he had parked at Plaintiff's vacation home in Turlock, CA; he also made a false retaliatory report that she had allegedly "stolen" the wedding ring he gave her, and a false report that she had "stolen" his timeshare account, which was registered in her name as well, and he made a 911 call, and was rebuked by a San Jose police officer who witnessed the false report.

29. Plaintiff is informed that Defendant Stockwell and other directors, managers and supervisors at Applied Materials and Taos acting in concert with him had conspired to terminate her employment without a legitimate employment reason and based on Stockwell's false and defamatory statements, as a pretext for Stockwell's retaliation and anger towards Plaintiff for confronting him about his physical, emotional, and alcohol abuse, and for ending their personal relationship.

30. At all times during these acts, Stockwell, and his co-workers conspired, agreed to, and/or participated in the wrongful retaliatory termination of Plaintiff and in this capacity were employees, agents, directors, supervisors, and/or managers of Applied Materials. Applied Materials subsequently investigated and ratified the retaliatory termination and failed to prevent the harm to Plaintiff caused by the malicious acts of its employees. Applied Materials ultimately fired Defendant Stockwell for the retaliatory termination.

31. Defendant Taos Mountain, Inc. constructively terminated her employment by turning a blind eye to the retaliatory adverse employment action or by not placing her in another position or by conspiring with other Defendants to deprive Plaintiff of employment benefits at both companies.

32. In early April 2007, Plaintiff was contacted by a hiring manager in response to the resume that she had submitted before being wrongfully terminated by Applied Materials. The initial interview went very well, and Plaintiff was told by the manager that she was the top of three candidates being considered for a full-time permanent position as liason for this company at

Plaintiff's Complaint for Damages        7

1. Applied Materials, and that she was excited to meet with her again. A subsequent in-person interview was scheduled.

33. On April 23, 2007, Plaintiff attended the interview with the hiring manager for the permanent job position but the interview was strained and the manager questioned Plaintiff about the status of her employment with Applied Materials in such a way that Plaintiff knew the manager had been informed of her termination but was pretending not to know. The next day Plaintiff was informed that the prospective employer had selected someone else for the position and refused to respond to her inquiry as to why she was not selected for the job.

**FIRST CLAIM**
**Violation of Title VII of the Civil Rights Act of 1964**
*42 U.S.C. §§ 2000e-2000e-17*
(Against Applied Materials, Jason Stockwell & DOE Defendants)

34. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

35. Applied Materials did not follow its own policies and procedures in supervising Defendant Stockwell during the course of his personal relationship with a co-worker or in firing Plaintiff based on his false accusation the day after their personal relationship ended. Applied Materials has treated Plaintiff (a female worker in a personal relationship with a male director) in a disparate and discriminatory manner and did not afford the female worker the same protections afforded the male worker to avoid a wrongful retaliatory termination and Applied Materials has denied the female worker benefits afforded the similarly situated male worker in a position of authority to take retaliatory adverse employment action the day after their personal relationship ended including denying Plaintiff due process, a neutral investigation of the accusations, notice and the opportunity to be heard, and employment benefits afforded the male worker, including but not limited to continued pay during the investigation and severance of employment.

36. Defendants and DOES 1 through 50 and each of them engaged in acts or omissions

1  that caused Plaintiff harm, including failing to follow established policies and procedures designed
2  to protect employees and other persons working in the work place from discrimination or retaliatory
3  termination or eviction from the work place, and Defendants and each of them are otherwise legally
4  responsible for the work place and sexual discrimination, sexual harassment, quid pro quo
5  harassment, retaliatory and wrongful termination and malicious conduct and other violations of
6  Plaintiff's civil rights under Title VII.

7  37.  Defendants and each of them acted negligently, knowingly, willfully, maliciously, in
8  bad faith, and/or with reckless and callous disregard for the rights and welfare of Plaintiff in
9  violating her civil and constitutional and employment rights, before, during and after the wrongful
10 termination that is the subject of the complaint.

11 38.  The supervising employees, including DOES 1 to 50, responsible for supervising
12 other Defendants did negligently and personally (and in their capacity as agents and employees of
13 the other Defendants) hire, train, supervise, investigate, and discipline Jason Stockwell and others
14 acting in concert with him, and otherwise participate in or contribute to the violations and injuries of
15 Plaintiff, which separate acts and omissions were the proximate cause of Plaintiff's injuries and
16 damages alleged herein.

17 39.  As a direct and proximate result of Defendants' acts and omissions described in this
18 complaint, Plaintiff has suffered and been subjected to bodily injury, pain and suffering, mental
19 anguish, public and private humiliation and shame, fear, worry, embarrassment, depression,
20 apprehension, emotional distress, loss of pride, damage to her good name and reputation, falsely
21 accused of crimes and wrongs she did not commit and related fear of future incarceration or
22 conviction for crimes she did not commit, and deprivation of federally and state protected
23 constitutional and civil rights, and chilling of the exercise of her rights, and general and special
24 damages including economic losses, wages, and other benefits (medical, dental, retirement etc.), as
25 well as medical expenses (therapist) in an amount subject to proof at trial.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

Plaintiff's Complaint for Damages                    9

40. As a direct and proximate result of Defendants' acts and omissions described in this complaint, Plaintiff has incurred attorney's fees, and will continue to incur additional attorney's fees to protect and enforce her rights and pursuit of their constitutionally protected claims herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants and as set forth below.

## SECOND CLAIM
### Violation of Cal Gov Code §§ 12900, et. seq. including §12940
### (Against Applied Materials, Jason Stockwell & DOE Defendants)

41. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

42. The acts and omissions alleged in the foregoing claim above establish that Defendants and DOES 1 through 50 and each of them engaged in conduct that violated her rights under the Fair Employment and Housing Act and caused Plaintiff damages.

43. Wherefore plaintiff prays for judgment as set forth below.

## THIRD CLAIM
### BATTERY
### (Against Defendant Jason Stockwell)

44. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

45. Within the last two years, Defendant Stockwell acted with the intent to make offensive or violent physical contact with Plaintiff's person and did in fact make offensive or violent physical contact with Plaintiff in the manner intended by Defendant.

46. Plaintiff did not consent to or provoke the unlawful physical contact.

47. As a proximate result of the acts of Defendant, Plaintiffs suffered bodily and/or emotional injury and has suffered general and special damages subject to proof at trial. As a further proximate result of the acts of Defendants, Plaintiffs have incurred, and will continue to incur, medical (therapist) and related expenses and other damage alleged herein. The full amount of these expenses is not fully known to Plaintiffs at this time.

48. The aforementioned conduct of Defendant Stockwell was willful and malicious or oppressive and was intended to intimidate, harm, and cause fear or bodily injury to Plaintiff. Plaintiff is therefore entitled to an award of punitive and exemplary damages against Defendant Stockwell.

WHEREFORE, Plaintiff prays for judgment against Defendant and as set forth below.

### FOURTH CLAIM
### ASSAULT
### (Against Defendant Jason Stockwell)

49. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

50. Within the last two years, Defendant Stockwell on more than one occasions committed affirmative acts coupled with express or implied threats of violence (including holding and displaying a knife when they were alone together) with the intent to, and which in fact, caused Plaintiff to be in fear of imminent bodily injury or death. Plaintiff did not consent to or provoke the unlawful assault.

51. As a proximate result of the acts of Defendant, Plaintiffs suffered emotional distress and has suffered general and special damages subject to proof at trial.

52. As a further proximate result of the acts of Defendants, Plaintiff has incurred, and will continue to incur, medical (therapist) and related expenses and other damages alleged herein. The full amount of these expenses is not fully known to Plaintiff at this time.

53. The aforementioned conduct of Defendant Stockwell was willful and malicious or oppressive and was intended to intimidate, harm, and cause fear or bodily injury to Plaintiff. Plaintiff is therefore entitled to an award of punitive and exemplary damages against Defendant Stockwell.

WHEREFORE, Plaintiff prays for judgment against Defendant and as set forth below.

///

## FIFTH CLAIM
## FALSE IMPRISONMENT
(Against Defendant Jason Stockwell)

54. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

55. Within the last two years, Defendant Stockwell on more than one occasion committed affirmative acts coupled with express or implied threats of violence (including throughout the night bringing a knife with him into their bed when they were alone together) with the intent to, and which in fact, cause Plaintiff to be afraid to leave him for fear that he would cause her bodily injury or death.

56. Plaintiff did not consent to or provoke the unlawful restraint on her person.

57. As a proximate result of the acts of Defendant, Plaintiff suffered emotional distress and has suffered general and special damages subject to proof at trial. As a further proximate result of the acts of Defendants, Plaintiff has incurred, and will continue to incur, medical (therapist) and related expenses and other damages alleged herein. The full amount of these expenses is not fully known to Plaintiff at this time.

58. The aforementioned conduct of Defendant Stockwell was willful and malicious or oppressive and was intended to intimidate, harm, and cause fear or bodily injury to Plaintiff. Plaintiff is therefore entitled to an award of punitive and exemplary damages against Defendant Stockwell.

WHEREFORE, Plaintiff prays for judgment against Defendant and as set forth below.

## SIXTH CLAIM
## NEGLIGENCE
(Against All Defendants including DOE Defendants)

59. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

60. In committing the wrongful acts and omissions alleged herein, Defendant Stockwell

and those Defendants acting in concert with him owed Plaintiff a duty to exercise reasonable care to avoid foreseeable bodily injury to her person or damage to her reputation, livelihood, or emotional health and Defendants owed Plaintiff a duty to provide her with a work place environment free from sexual or gender discrimination or hostile work environment, including quid pro quo discrimination. Plaintiff alleges that Defendants were negligent in failing to exercise due care including before and after the wrongful termination and such negligence was the proximate cause of injury to Plaintiff.

61. In committing the wrongful acts and omissions alleged herein, Defendants and each of them owed Plaintiff a duty to exercise reasonable care to avoid foreseeable bodily injury to her person or damage to her reputation, livelihood, or emotional health. Plaintiff alleges that Defendants were negligent including in failing to exercise due care in hiring, training, supervising, disciplining and investigating Defendant Jason Stockwell, and such negligence was the proximate cause of injury to Plaintiff.

62. As a direct and proximate result of Defendants' acts and omissions described in this complaint and other wrongful or negligent acts, Plaintiff has suffered and been subjected to fear, apprehension, bodily injury, pain and suffering, mental anguish, humiliation, emotional distress, loss of reputation, falsely accused of crimes she did not commit, loss of liberty and freedom, deprivation of federal and state protected civil and constitutional rights, and other special and general damages subject to proof at trial and as otherwise alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants and as set forth below.

## SEVENTH CLAIM
### NEGLIGENT &/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Defendant Jason Stockwell including DOE Defendants)

63. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

64. In committing the acts and omissions and defamatory accusations alleged herein, Defendants and each of them engaged in a course of conduct that was violent, insolent, outrageous,

1  inexcusable, negligent, reckless, willful, intentional and malicious and for the purpose of causing or
2  with the knowledge that there was a high likelihood that Plaintiff would suffer humiliation, mental
3  anguish, and emotional and physical distress. Other Defendants' conduct and acts and omissions
4  confirmed and ratified and furthered the other Defendants' conduct and harm to Plaintiff, and was
5  done with a wanton and reckless disregard of the consequences to Plaintiff.

6    65. As the proximate result of the acts alleged above, Defendants caused Plaintiff to
7  suffer severe humiliation, mental anguish, and emotional and physical distress and bodily injury and
8  has been injured in their minds.

9    66. The acts of the individual Defendants alleged herein were willful, wanton, malicious,
10 and oppressive, and justify the awarding of exemplary and punitive damages.

11   WHEREFORE, Plaintiff prays for judgment against Defendants and as set forth below.

### EIGHTH CLAIM
### VIOLATION OF UNRUH ACT
### California Civil Code §51, 51.5, 51.7, 51.9, 52, 52.1, §52.4
### (Against Applied Materials, Jason Stockwell including DOE Defendants)

15   67. The aforementioned allegations, and each of them, are incorporated into this cause of
16 action, as though set forth in full herein.

17   68. It is a fundamental public policy of the State of California to protect all persons
18 within this state from discrimination and harassment in business establishments based on gender or
19 sex of the individual.

20   69. Plaintiff is a member of a protected class of people, namely females who are
21 discriminated against in business establishments, and at all times alleged herein were entitled to be
22 free from (1) threats, intimidation, or coercion, and (2) discrimination based on her sex or gender
23 including threats to evict and retaliatory eviction from the business establishment due to her
24 decision to end a personal relationship with a male manager of the business establishment and
25 report him for abuse.

Plaintiff's Complaint for Damages    14

70. Defendants and each of them, as alleged in this complaint, violated fundamental public policy by threats, harassment, sanctioning or condoning adverse retaliatory action against a female in a business establishment due to her decision to end her personal relationship with a male manager of the business establishment in violation of fundamental public policy of this state and California Civil Code §50 et. seq. and discriminated against Plaintiff and deprived her of equal protection under the law.

71. As a proximate result of Defendants' conduct, Plaintiff has suffered general and special damages as alleged herein.

72. As a proximate result of the wrongful act of Defendants alleged herein, Plaintiff is, in addition, entitled to recover statutory civil penalties of $25,000, as provided in California Civil Code §52(b), for each violation.

73. As a direct and proximate result of Defendants' acts and omissions described in this complaint and interference with Plaintiff's rights, Plaintiff have incurred attorneys fees, and will continue to incur additional attorney's fees in order to protect and enforce their rights and pursuit of their constitutionally protected claims herein and are entitled to recover statutory attorney's fees pursuant to California Civil Code §52.1(h).

WHEREFORE, Plaintiff prays for judgment against Defendants and as set forth below.

### NINTH CLAIM
### BREACH OF CONTRACT &
### IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING
(Against Taos and Applied Materials including DOE Defendants)

74. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

75. Plaintiff is a third party beneficiary of an established contractual relationship between Defendants Taos Inc. and Applied Materials, Inc. whereby Plaintiff enjoyed co-employment at both companies. The terms of the contract were in part in writings and in part oral

Plaintiff's Complaint for Damages                15

1 and implied in conduct. Implied in the contract was the covenant of good faith and fair dealing. An

2 implied term of the contract was that Plaintiff would not be treated in a disparate or discriminatory

3 manner or be subjected to quid pro quo harassment or wrongfully terminated in retaliation for a

4 threatened report of abuse to the police or ending her personal relationship with a male director of

5 one of the companies. Also implied in the contract was that she would be fairly treated during any

6 investigation of an allegation that she committed an alleged crime in the work place.

7   76.   Plaintiff fully performed her obligations and duties under the contract made for her

8 benefit.

9   77.   In committing the wrongful acts and omissions alleged herein, Defendants breached

10 the contract between them that was made in part for Plaintiff's benefit and as a result proximately

11 caused injury and damage to Plaintiff as described herein.

12   WHEREFORE, Plaintiff prays for judgment against Defendants and as set forth below.

### TENTH CLAIM
### NEGLIGENT OR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
(Against All Defendants including DOE Defendants)

16   78.   The aforementioned allegations, and each of them, are incorporated into this cause of

17 action, as though set forth in full herein.

18   79.   The allegations above establish that Plaintiff enjoyed an ongoing established

19 contractual and economic relationship with Taos, Inc. and Applied Materials, Inc. that promised

20 prospective economic advantage of indefinite continued employment. By committing the wrongful

21 acts alleged herein, Defendant Stockwell as an agent of Applied Materials intentionally interfered

22 with Plaintiff's prospective economic advantage and thereby proximately caused injury and damage

23 to Plaintiff as described herein including cessation of employment at Taos, Inc.

24   80.   Defendants and each them negligently and/or intentionally disrupted and interfered

25 with Plaintiff's attempts to find employment with other companies and thereby proximately caused

further injury and damage to Plaintiff as described herein.

WHEREFORE, Plaintiff prays for judgment against Defendants and as set forth below.

### ELEVENTH CLAIM
### NEGLIGENT OR INTENTIONAL INDUCEMENT TO BREACH CONTRACT
(Against All Defendants including DOE Defendants)

81. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

82. Plaintiff is in an established contractual relationship with Taos Inc. and a third party beneficiary of the written and oral agreement and established contractual relationship between Defendants Taos Inc. and Applied Materials, Inc. whereby Plaintiff enjoyed co-employment at Applied Materials, Inc.

83. In committing the wrongful acts and omissions alleged herein, Defendants induced Applied Materials to breach its agreement with Taos Inc. that was made in part for Plaintiff's benefit and induced Taos Inc. to breach its agreement with Plaintiff and as a result proximately caused injury and damage to Plaintiff as described herein.

WHEREFORE, Plaintiff prays for judgment against Defendants and as set forth below.

### TWELFTH CLAIM
### DEFAMATION
(Against All Defendants including DOE Defendants)

84. The aforementioned allegations, and each of them, are incorporated into this cause of action, as though set forth in full herein.

85. In publishing the false and defamatory statements alleged herein, including falsely accusing Plaintiff of a crime that she did not commit, Defendants did proximately cause injury and damage to Plaintiff's reputation and ability to work in her profession.

WHEREFORE, Plaintiff prays for judgment against Defendants and as set forth below.

### PRAYER

WHEREFORE, Plaintiff prays for judgment to be entered in her favor as follows:

1. For general, special and other compensatory damages as to all Defendants, in an amount to be determined according to proof at trial;

2. For punitive damages as to Defendant Stockwell and Applied Materials and Defendants DOES 1 through 30 and any of the DOE Defendants acting in concert with them;

3. For civil monetary penalties assessed pursuant to Cal. Civ. Code § 52(b) of $25,000 per violation against Applied Materials;

4. For attorney's fees as to all Defendants to the full extent permitted by law;

5. That should this matter go to trial that it be tried to a jury of Plaintiff' peers;

6. For costs of suit incurred in this action as to all Defendants; and

7. For such other and further relief as the Court deems proper.

Dated: March 16, 2006

CANNISTRACI LAW FIRM

By: _____
Sharonrose Cannistraci, Esq.
Counsel for Plaintiff

Plaintiff's Complaint for Damages    18