KAUFMAN DOLOWICH & VOLUCK LLP
ELIZABETH WILLIAMS, SB#92374
KATE SOLODKY, SB # 251403
351 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 402-0059
Facsimile: (415) 402-0679

Attorneys for Defendant
TAOS MOUTAIN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| ALISON MANAFI,<br><br>Plaintiff,<br><br>vs.<br><br>APPLIED MATERIALS, INC., JASON STOCKWELL, TAOS MOUTAIN, INC. and DOES 1-100,<br><br>Defendants. | Case No.: C08-01419<br><br>**DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO PLAINTIFF ALISON MANAFI'S COMPLAINT**<br><br>Complaint Filed: March 12, 2008<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Defendant TAOS MOUTAIN, INC., and hereby responds to the allegations set forth in the sixth, ninth, tenth, eleventh, and twelfth causes of action asserted in ALISON MANAFI's Complaint as follows:

**JURISDICTION & VENUE**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 1.

2. Defendant admits to the allegations contained in paragraph 2.

**PARTIES**

3. Defendant admits that Plaintiff was its employee and that she worked at Applied

Materials, Inc.'s worksite in Santa Clara County pursuant to an agreement between Defendant and Applied Materials, Inc. With respect to the remaining allegations contained in paragraph 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and basing its denial on that ground, denies generally and specifically each and every remaining allegation of paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 4.

5. Defendant admits that Jason Stockwell was a male employee of Applied Materials, Inc. during all times mentioned in Plaintiff's Complaint. With respect to the remaining allegations contained in paragraph 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and basing its denial on that ground, denies generally and specifically each and every remaining allegation of paragraph 5.

6. Defendant admits that it is a California corporation, organized and existing under the laws of the State of California, whose main business office is located in Santa Clara County. Defendant also admits that it is a professional IT consulting services company which provided Applied Materials, Inc. with skilled workers, including Plaintiff. Defendant further admits that it paid Plaintiff for work performed at Applied Materials, Inc.'s work site. With respect to the remaining allegations contained in paragraph 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and basing its denial on that ground, denies generally and specifically each and every remaining allegation of paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to

DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO COMPLAINT

the truth of the allegations contained in paragraph 9, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 9.

## GENERAL ALLEGATIONS

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to

DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO COMPLAINT

the truth of the allegations contained in paragraph 18, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 18.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 25.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and basing its denial on that ground, denies

generally and specifically each and every allegation of paragraph 27.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 28.

29. Defendant denies generally and specifically each and every allegation of paragraph 29.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 30.

31. Defendant denies generally and specifically each and every allegation of paragraph 31.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 32.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and basing its denial on that ground, denies generally and specifically each and every allegation of paragraph 33.

## SIXTH CLAIM

59. Defendant repleads and incorporates by reference; the Answers contained in Paragraphs 1 through 33, above, and incorporate them herein by reference as if separately repled.

60. Defendant denies generally and specifically each and every allegation of paragraph 60.

61. Defendant denies generally and specifically each and every allegation of paragraph 61.

62. Defendant denies generally and specifically each and every allegation of paragraph 62. Defendant further specifically denies that Plaintiff suffered any injuries and/or damages as a result of Defendant's actions.

## NINTH CLAIM

DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO COMPLAINT

74. Defendant repleads and incorporates by reference, the Answers contained in Paragraphs 1 through 33 and Paragraphs 59 through 62 above, and incorporate them herein by reference as if separately repled.

75. Defendant denies generally and specifically each and every allegation of paragraph 75.

76. Defendant denies generally and specifically each and every allegation of paragraph 76.

77. Defendant denies generally and specifically each and every allegation of paragraph 77. Defendant further denies ever being in breach of any contract.

### TENTH CLAIM

78. Defendant repleads and incorporates by reference, the Answers contained in Paragraphs 1 through 33, Paragraphs 59 through 62, and Paragraphs 74 through 77 above, and incorporates them herein by reference as if separately repled.

79. Defendant denies generally and specifically each and every allegation of paragraph 79.

80. Defendant denies generally and specifically each and every allegation of paragraph 80.

### ELEVENTH CLAIM

81. Defendant repleads and incorporates by reference, the Answers contained in Paragraphs 1 through 33, Paragraphs 59 through 62, and Paragraphs 74 through 80 above, and incorporates them herein by reference as if separately repled.

82. Defendant denies generally and specifically each and every allegation of paragraph 82.

83. Defendant denies generally and specifically each and every allegation of paragraph 83.

### TWELFTH CLAIM

84. Defendant repleads and incorporates by reference, the Answers contained in Paragraphs 1 through 33, Paragraphs 59 through 62, and Paragraphs 74 through 83 above, and

incorporates them herein by reference as if separately repled.

85. Defendant denies generally and specifically each and every allegation of paragraph 85.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The Complaint and each cause of action therein, fail to set forth facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Comparative Fault of Plaintiff)

Plaintiff's actions, inactions, or delay in acting contributed to the alleged damages and Plaintiff's amount of recovery, if any, shall be reduced on the basis of her own comparative negligence, and/or the negligence of her agents or employees, which contributed to the alleged damages upon which Plaintiff is seeking recovery against this answering Defendant.

### THIRD AFFIRMATIVE DEFENSE
(Assumption of Risk)

Plaintiff voluntarily assumed the risk of her alleged injuries, legally causing or contributing to the damages alleged, and therefore, Plaintiff's recovery should be reduced by Plaintiff's proportional share of the negligence or fault.

### FOURTH AFFIRMATIVE DEFENSE
(Consent)

Plaintiff acknowledged, ratified, consented to, and/or acquiesced in the alleged acts or omissions, if any, of the Defendant, thus barring Plaintiff's recovery.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate or Avoid Damages)

Defendant alleges that if Plaintiff suffered or sustained any injury, loss, or damage as a result of Defendant's alleged conduct referred to in the Complaint herein, the same was a result

of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages or avoid her alleged damages. Plaintiff's recovery, if any, should therefore be barred or reduced by such amounts as could and should have been mitigated or avoided.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Exhaust – Internal Procedures)

Valid and proper company polices and procedures prohibiting the alleged unlawful conduct were in place at all relevant times. Plaintiff failed to follow these policies and procedures, failed to notify Defendant and failed to exhaust the available remedies under established internal complaint and grievance procedures.

### SEVENTH AFFIRMATIVE DEFENSE

(Legitimate Business Purpose)

Defendant's activities with respect to Plaintiff were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or undertaken for business related reasons.

### EIGHTH AFFIRMATIVE DEFENSE

(Good Faith)

Any and all conduct of which Plaintiff complains was just and proper exercise of management discretion undertaken for fair and honest reasons, were privileged, and were regulated by good faith under the conditions then existing.

### NINTH AFFIRMATIVE DEFENSE

(No Ratification of Any Wrongdoing by Defendant)

Defendant asserts that it has not ratified or approved any wrongdoing and/or unlawful conduct alleged by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

(Proximate Cause Lacking)

Defendant's alleged acts or omissions to act, if any, were not the proximate cause of any injury suffered by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO COMPLAINT

(At-Will Employment)

Plaintiff was an "at will" employee, as defined by California Labor Code section 2922 and accordingly, was subject to termination at any time, without cause.

### TWELFTH AFFIRMATIVE DEFENSE

(Plaintiff's Breach)

Plaintiff willfully breached duties owed to Defendant, failed to use reasonable care or ordinary diligence in the performance of those duties, failed to use reasonable skill in performing work, failed to comply substantially with all directions provided by Defendant, and failed to perform in conformity with the customs of the work place pursuant to California Labor Code sections 2854, 2856, 2857, and 2924.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

The Complaint fails to state facts sufficient to support a claim upon which attorneys' fees may be awarded as against Defendant

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Damages)

Plaintiff's Complaint, and each alleged cause of action therein, fails to state facts sufficient to support a claim for general, compensatory, special and/or economic damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Any recovery on the Complaint is barred by the doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Any recovery on the Complaint is barred by the doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's delay in reporting any alleged misconduct by others and in filing and serving the Complaint has prejudiced Defendant's ability to question witnesses and defend the case; accordingly, the Complaint and each claim of relief therein is barred by the doctrine of laches.

### NINETEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's claims are barred by the applicable statues of limitations including but not limited to applicable Code of Civil Procedure and Government Code sections.

### TWENTIETH AFFIRMATIVE DEFENSE

(Statute of Frauds)

Any recovery on the Complaint is barred by the Statute of Frauds.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Conduct of Others)

Plaintiff's loss or damage, if any, was caused by the negligent, reckless or intentional conduct of person or entities other than Defendant, and for whom Defendant cannot be held vicariously liable or legally responsible, and whose conduct was not known to or ratified by Defendant; accordingly, Plaintiff's damages, if any, are barred or diminished to the extent they are attributable to such conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Worker's Compensation Exclusivity)

Plaintiff's Complaint and each claim for relief therein is barred, in whole or in part, by the applicable provisions of the Worker's Compensation Act, Labor Code § 3600 *et seq.*

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Truth)

Any and all statements made by or on behalf of Defendant concerning or referring to Plaintiff were and are true.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO COMPLAINT

(Privileged Communication)

Any and all statements made by or on behalf of Defendant concerning or referring to Plaintiff were and are privileged.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Opinion/Fair Comment)

Any and all statements made by or on behalf of Defendant concerning or referring to Plaintiff are protected by the defense of opinion and/or fair comment.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Free Competition)

Defendants' alleged interference with Plaintiff's prospective economic advantage, if any, was privileged, as Defendant used only fair and reasonable means to do so.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Justification)

Defendants' alleged interference with Plaintiff's prospective economic advantage, if any, was justified.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Unascertained Affirmative Defenses)

Defendant alleges that since Plaintiff's Complaint is plead in conclusory allegations, Defendant presently has insufficient knowledge and information to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant hereby reserves its right to assert such additional defense in the event discovery and/or subsequent events indicate that such defenses are appropriate.

### REQUEST FOR RELIEF

WHEREFORE Defendant request:

1. That judgment be entered in favor of Defendant and against Plaintiff Alison Manafi,

2. That the Court dismiss with prejudice Plaintiff's Complaint and each claim for relief alleged against Defendant therein;

DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO COMPLAINT

3. That Plaintiff Alison Manafi take nothing by way of her Complaint; and

4. That Defendant be awarded costs of suit and attorneys' fees incurred; and

5. For such other and further relief as the Court deems just and proper.

DATED: July 11, 2008                    **KAUFMAN DOLOWICH & VOLUCK LLP**

Elizabeth Williams, Esq.
Kate Solodky, Esq.
Attorneys for Defendant
TAOS MOUNTAIN, INC.

DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO COMPLAINT

## DEMAND FOR JURY TRIAL

Defendant TAOS MOUNTAIN, INC. hereby demands a trial by jury of all issues.

DATED: July 11, 2008

**KAUFMAN DOLOWICH & VOLUCK LLP**

Elizabeth Williams, Esq.
Kate Solodky, Esq.
Attorneys for Defendant
TAOS MOUNTAIN, INC.

ND: 4832-1571-9938, v. 2

DEFENDANT TAOS MOUNTAIN, INC.'S ANSWER TO COMPLAINT