KAUFMAN DOLOWICH & VOLUCK LLP
ELIZABETH WILLIAMS, SB#92374
KATE SOLODKY, SB # 251403
351 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 402-0059
Facsimile:  (415) 402-0679

Attorneys for Defendant
TAOS MOUNTAIN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALISON MANAFI,<br><br>    Plaintiff,<br><br>vs.<br><br>APPLIED MATERIALS, INC., JASON STOCKWELL, TAOS MOUNTAIN, INC. and DOES 1-100,<br><br>    Defendants. | Case No.:  C08-01419<br><br>ACTION FILED:  March 12, 2008<br><br>**JOINT CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**<br><br>Conference Date: July 18, 2008<br>Time: 10:30 am<br>Judge: Hon. Ronald M. Whyte |

    Plaintiff Alison Manafi and Defendant Taos Mountain, Inc. respectfully submit this Joint Report pursuant to Northern District Local Rule 16-9(a) and Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff and Defendant Applied Materials, Inc. have stipulated to continue the CMC deadlines but as of the filing of this statement have not received an order from the Court. Counsel for Applied Materials, Inc. is on vacation and unavailable to participate in this statement.

    Defendant Taos Mountain, Inc. ("Taos") wishes to indicate that while this Joint Case Management Statement reflects the good faith efforts of the parties to discuss and resolve a

- 1 -

variety of issues associated with the case management process, the early posture of the lawsuit limits the parties' present abilities to completely identify and narrow all relevant disputed facts, issues, and legal arguments.

## I. JURISDICTION AND SERVICE

Plaintiff asserts that this Court has jurisdiction over her claims pursuant to 28 U.S.C. §§ 1331 and 1343, based on her cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. Plaintiff also asserts that the Court thereby has concurrent jurisdiction over her state law claims.

Plaintiff properly served Defendant on June 13, 2008. Defendant has accepted service, without waiving other jurisdictional defenses, and there are no outstanding claims disputing adequacy of service.

Jason Stockwell remains to be served in this action. Plaintiff's proposed deadline for serving Mr. Stockwell is September 5, 2008. Jason Stockwell's current address and place of business is not known to Plaintiff, who has requested that Applied Materials, Inc. provide Plaintiff with his last known address.

## II. FACTS

**Plaintiff's allegations:**

Plaintiff alleges that she was wrongfully terminated and locked out of her workplace by Defendant Applied Materials, Inc. after she ended a personal relationship with its employee, Defendant Jason Stockwell. Plaintiff claims that at the time of her alleged wrongful termination, she was employed as part of a Desktop Support group which provided technical consulting services to Applied Materials, Inc. pursuant to Taos' agreement with Applied Materials, Inc. Plaintiff contends that her removal from Applied Materials, Inc. on March 12, 2007 was instigated by defendant Stockwell to retaliate against her for personal reasons.

Plaintiff further contends that Defendant Taos acquiesced in and ratified the wrongful termination and hostile work environment at Applied Materials, Inc. and failed to protect her civil and employment rights or seek to remedy the violation of her rights and wrongful termination. Plaintiff further contends that Defendant Stockwell and unknown others

intentionally interfered with her ability to obtain similar or comparable work. Lastly, Plaintiff contends that Taos constructively terminated her employment.

**Defendant Taos' allegations:**

Defendant Taos contends that on March 12, 2007, Applied Materials, Inc. requested that Plaintiff be removed from her assignment based on performance issues. Defendant Taos contends that on March 13, 2007, Plaintiff's Staff Manager at Taos met with Plaintiff and informed her of Applied Materials, Inc.'s decision to terminate her assignment.

Defendant Taos further contends that on March 13, 2007, Plaintiff's Staff Manager at Taos also notified Plaintiff that she would continue as Taos' employee while Taos searched for other potential assignments for Plaintiff. Defendant Taos contends that subsequently, Plaintiff did not respond to its repeated requests that she undergo a technical interview so that she could be placed in other potential positions. Defendant Taos contends that after Plaintiff failed to respond to Taos' requests for approximately a two-month period, Taos deemed Plaintiff to have abandoned her employment on May 14, 2007.

### III. LEGAL ISSUES

Plaintiff's Complaint has identified the following legal issues against Defendant Taos, all of which are disputed by Taos.

**Plaintiff's allegations:**

Plaintiff claims that Defendants Applied Materials, Inc., Taos, and Jason Stockwell had a duty to provide her with a work place environment free from sexual or gender discrimination or hostile work environment, including quid pro quo discrimination and Defendants were negligent in failing to exercise due care including before and after the wrongful termination to avoid foreseeable bodily injury to her person or damage to her reputation, livelihood, or emotional health and Defendants Applied Materials, Inc. and Taos were negligent including in failing to exercise due care in among other things investigating Defendant Jason Stockwell and negligent in failing to exercise due care in connection with the hiring, training, supervising, and disciplining Defendant Stockwell (Sixth Claim).

Plaintiff also alleges that Defendants Taos and Applied Materials, Inc. breached an

JOINT CASE MANAGEMENT STATEMENT AND REPORT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)

implied covenant of good faith and fair dealing owed to Plaintiff as a third party beneficiary of Taos' contract with Applied Materials, Inc (Ninth Claim) and an implied term of the contract was that Plaintiff would not be treated in a disparate or discriminatory manner or be subjected to quid pro quo harassment or wrongfully terminated in retaliation for a threatened report of abuse to the police or ending her personal relationship with a male director of one of the companies. Also implied in the contract was that she would be fairly treated during any investigation of an allegation that she committed an alleged crime in the work place and that Defendant breached the terms of the contract.

Plaintiff also alleges that Defendants Applied Materials, Inc., Taos, and Jason Stockwell negligently and/or intentionally disrupted and interfered with Plaintiff's attempts to find employment with other companies (Tenth Claim), that Defendants induced Applied Materials, Inc. to breach its agreement with Taos, which therefore induced Taos to breach its agreement with Plaintiff (Eleventh Claim) and that further that Defendants Applied Materials, Inc., Taos, and Jason Stockwell published false and defamatory statements against her (Twelfth Claim).

**Defendant Taos' allegations:**

Defendant Taos specifically denies Plaintiff's Sixth Claim, as it never employed Defendant Stockwell. Furthermore, Defendant Taos denies all of Plaintiff's remaining allegations.

### IV. MOTIONS

Neither Plaintiff nor Defendant Taos have any prior or pending Motions in this action. As this case is in the early stages of litigation, the nature and extent of motions to be filed by Defendant Taos are presently unknown.

### V. AMENDMENT OF PLEADINGS

It is presently unknown whether the parties intend to file any amendments to pleadings presently on file with the court.

### VI. EVIDENCE PRESERVATION

Plaintiff, Defendant Taos, and their legal representatives are preserving any and all evidence that could reasonably be related to this action. Plaintiff and Defendant Taos' attorneys

of record and their staff members are taking similar action with respect to evidence coming to their attention.

Additionally, Defendant Taos will be circulating a litigation hold notice, instructing that all hardcopy and electronic files relating to issues in this action be maintained and also instructing that policies that would otherwise result in the destruction of any such documents and electronic files be superseded. In addition, Defendant Taos has collected hard copy and electronic records related to the issues in this case.

### VII. INITIAL DISCLOSURES

As this case is in the early stages of litigation, neither Plaintiff nor Defendant Taos have made initial disclosures pursuant to Rule 26. Both parties will be making their initial disclosures in mid-September 2008 pursuant to Federal Rule of Civil Procedure 26(a)(1), should the parties be unable to settle this matter.

### VIII. DISCOVERY

Defendant Taos was served with Plaintiff's complaint on June 13, 2008. No discovery has been undertaken to date and is not anticipated pending settlement discussions between the parties or prior mid September, 2008. Should the parties be unable to settle this matter, Defendant Taos and Plaintiff will be devising a discovery plan pursuant to Federal Rule of Civil Procedure 26(f). Furthermore, neither Defendant Taos nor Plaintiff propose any modifications to the discovery rules, including any changes in the limitations on discovery under the Federal Rules of Civil Procedure, or any additional limitations, at this time.

### IX. CLASS ACTIONS

This case is not a class action.

### X. RELATED CASES

The parties are aware of no cases related to this action.

### XI. RELIEF SOUGHT

Plaintiff seeks general, special, and other compensatory damages as to Defendants Applied Materials, Inc., Taos, and Jason Stockwell, including wage loss, in an amount to be determined according to proof at trial. Plaintiff also seeks punitive damages against Defendants

Applied Materials, Inc. and Jason Stockwell. Plaintiff further seeks civil penalties assessed pursuant to Cal. Civ. Code § 52(b) of $25,000 per violation against Applied Materials, Inc. Lastly, Plaintiff seeks attorneys' fees as to all Defendants to the full extent permitted by law, and should this case proceed to trial, for costs of suit incurred as to all Defendants.

Defendant Taos asks that Plaintiff take nothing by way of her Complaint and that it be awarded the costs of suit and attorneys' fees incurred.

## XII. SETTLEMENT AND ADR

The parties have discussed settlement and ADR, in compliance with ADR Local Rule 3-5, and will conduct private settlement discussions. Defendant Taos and Plaintiff are both amenable to mediation through the court's ADR program.

## XIII. MAGISTRATE JUDGE

The parties do not consent to having a magistrate judge conduct all further proceedings.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties are not presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims or defenses at trial, or (c) expedite the presentation of evidence at trial trough the use of summaries or stipulated facts, or other expedited means of presenting issues.

## XVI. EXPEDITED SCHEDULE

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

Plaintiff has entered into a stipulation with Applied Materials, Inc. to continue the Case Management Conference that is currently set for July 18, 2008 for 30 to 60 days in order to provide all parties with more time to meet and confer and discuss settlement. Plaintiff has requested that the Court include Defendant Taos Mountain, Inc. in this stipulation. Defendant

Taos Mountain, Inc. requests that it be allowed to enter into this stipulation so to allow it enough time to participate in settlement discussions with Plaintiff.

Given the early posture of the lawsuit, the parties are not presently in a position to propose dates for designation of experts, discovery cutoff, the hearing of dispositive motions, and trial.

## XVIII. TRIAL

The parties request a jury trial of this action. The parties do not yet have enough information to provide an estimate of the expected length of trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff will file a Certification of Interested Entities or Persons on July 14, 2008, and represents to the court today that, other than Plaintiff, there is no such interest to report.

Defendant Taos Mountain, Inc. will also file a Certification of Interested Entities or Persons on July 11, 2008 stating that there is no such presently known interest to report at this time.

DATED: July 11, 2008

                        /s/
Elizabeth Williams, Esq.
**KAUFMAN DOLOWICH & VOLUCK LLP**
Attorneys for Defendant TAOS MOUNTAIN, INC.

DATED: July 11, 2008

                        /s/
Sharonrose Cannastraci, Esq.
**CANNASTRACI LAW FIRM**
Attorneys for Plaintiff ALISON MANAFI

ND: 4837-5671-9874, v. 1